EVELYN OUELETTE *vs*. STATE OF CONNECTICUT.

MALTBIE, C. J., HAINES, HINMAN, BANKS and AVERY, Js.

Argued February 10th—decided March 28th, 1933.

*Charles A. Watrous* and *William W. Hoppin, Jr.,* for the appellant (plaintiff in error).

*Edwin W. Higgins,* Prosecuting Attorney, for the appellee (defendant in error).

PER CURIAM. The plaintiff brought this writ of error from a judgment of a justice of the peace committing her to the state farm for women, alleging that, though she was a minor, no guardian ad litem was appointed for her in the proceedings against her. She attached to the writ a copy of the record in the action before the justice, but filed no bill of exceptions. The question then is, does it appear upon the face of the record that the justice committed the error alleged? In order

to prevail upon her writ, it was incumbent upon the plaintiff to show that she was a minor at the time of her trial. The record consists of a printed form ordinarily used in criminal proceedings before justices of the peace, filled in so far as the justice felt it necessary in order to recite the proceedings taken in the action. In the form are spaces providing for the recital of the bringing of the accused before the justice and of the charge made, and then, in small type, the following: "And the said        being a minor under twenty-one years of age        of was appointed        Guardian ad litem;" and the form goes on to provide spaces for the recital of the proceedings taken in the case and the sentence imposed. On the back is a space for an endorsement, giving briefly the name of the defendant, the nature of the complaint, and then, in a separate paragraph marked off by horizontal lines the following: "Defendant being a minor, aged        years,        of        was appointed Guardian ad litem;" and this is followed by spaces for a recital of the disposition of the action. The plaintiff and three others were jointly charged with a criminal offense. The form was filled out by the justice so as to state the facts as to the proceedings taken before him and the sentences imposed upon the accused, but the spaces in those parts of the form we have quoted were left entirely blank. In view of the entire failure in any way to fill in these spaces, particularly when it is considered that there were four persons jointly accused and tried, the record cannot be read as containing any finding that all or any one of them was a minor. That being so, there is no basis for the claim that the justice erred in failing to appoint a guardian ad litem for the plaintiff.

There is no error.